[L. A. No. 3450. Department Two.—January 12, 1914.]

## In the Matter of the Adoption of MYRTLE ALICE BEWLEY, a Minor.

ADOPTION—WELFARE OF CHILD—EVIDENCE IN OPPOSITION TO PETITION—FORMAL CONTEST UNNECESSARY.—In a proceeding for the adoption of a minor the all important question for determination is the welfare of the child, and a formal contest of the petition is not a necessary prerequisite to the taking of testimony in opposition to the prayer of the petitioner.

ID.—DISCRETION IN MATTER OF ADOPTION.—The matter of adoption rests in the sound discretion of the court, and in the exercise of that discretion the court should seek information from all proper sources.

ID.—DENIAL OF PETITION FOR ADOPTION—APPEAL—ABUSE OF DISCRETION.—As the matter of adoption rests so strongly in the sound dis-

cretion of the court, a denial of a petition to adopt will not be
disturbed on appeal without the showing of a very grave abuse of
discretion by the court.   It is held that no such abuse is shown in
the present case.

APPEAL from an order of the Superior Court of Los An-
geles County denying a petition for the adoption of a minor.
Gavin W. Craig, Judge.

The facts are stated in the opinion of the court.

Douglas L. Edmonds, for Appellants.

John Beardsley, for Respondents.

MELVIN, J.—This is an appeal by Sylvester H. Thomp-
son and Lillie Thompson, his wife, from an order denying
their petition for the adoption of Myrtle Alice Bewley, a
minor.

The facts which are undisputed are as follows: The mother
of the child was married to Bewley in November, 1911, after
they had known each other for five weeks.   The child was
born January 2, 1912.   When the baby was born Bewley was
out of work and penniless and believing that he was not her
father he was unwilling to assume the care of the infant.
Mrs. Bewley, on January 18, 1912, took the child to Mr.
Lewis, the superintendent of the Children's Home Society,
and after she had explained her circumstances and her hus-
band's unwillingness to support the child, Mr. Lewis accepted
Myrtle Alice Bewley, on behalf of the society, first, however,
having secured from the mother a writing, signed and ac-
knowledged, by which the latter relinquished to the society
all claim to the custody, services, and earnings of the minor,
to the end that a home might be obtained for her.   Such a
home was soon secured and the child was placed with the
petitioners who, a short time thereafter, filed their petition
for the adoption of the baby.   Thereafter the matter was duly
heard, and among the witnesses examined were Mr. and Mrs.
Bewley, whose circumstances had greatly improved.   Both of
the latter were ready and willing to undertake the custody
and nurture of the child.   The court, while expressing the
opinion that it would be for the best interest of the child to

let the mother have the custody of her, made no order with respect to the custody, but denied the petition of the Thompsons. This is the order which the appellants attack.

Appellants insist that it was error to allow any opposition to the petition on the part of the Bewleys because Mr. and Mrs. Bewley did not appear as parties contestant on the record and because Mr. Bewley, who was admittedly not the father, was without parental rights, while the mother had assigned all of her lawful interest in her daughter to the society. It is to be remembered, however, that this is not a contest between the society and the mother or between the society and her husband. It was the court's duty in considering the petition for adoption to examine witnesses who were familiar with the circumstances of the child's birth and previous custody. The contract between the mother and the Children's Home Society is not directly involved here. The principal question was whether or not the court would grant letters to the petitioners and the all important factor in that determination was, as always in such a proceeding, the welfare of the child. In the petition itself, the Thompsons asked that "all persons concerned in the subject matter be permitted to attend and be heard." In pursuing its inquiries the court, as we have said, examined the Bewleys as witnesses. There was no necessity for a formal contest of the petition on their part as a prerequisite to the taking of the testimony. The matter of adoption rests in the sound discretion of the court and in the exercise of that discretion information from all proper sources should be sought by the one who must determine the matters so momentous to the infant—the future home and the influences which shall surround the minority of the child. No higher discretion than this is vested in a court. After all of the formalities prescribed by the statutes have been complied with, the court must make the order that the child shall thenceforth be treated as the child of the adopting petitioners only "if satisfied that the interests of the child will be promoted by the adoption." (Civ. Code, sec. 227.) As the matter of adoption rests so strongly in the sound discretion of the court, a denial of a petition to adopt will not be disturbed on appeal without the showing of a very grave abuse of discretion by the court. (*In re Wells*, 60 Wash. 520, [111 Pac. 778].) The court below carefully considered all of the

claims presented.  The judge had no doubt that the officers of
the society and the petitioners were acting with the best of mo-
tives and that the Thompsons were well qualified to be the
adoptive parents of the little girl, but he declined to place her
irrevocably where the young mother could never hope to pos-
sess and to care for her.  He therefore denied the petition,
and in this we find no abuse of discretion.  In one of the
briefs we are informed that the final custody of the infant
was adjudged upon the hearing of a proceeding on *habeas
corpus,* but with that fact we are not concerned here.

Finding no abuse of discretion by the court in denying the
prayer of the petition, we hold that the order from which this
appeal is taken must be and accordingly is affirmed.

Henshaw, J., and Lorigan, J., concurred.